CARTER, MOORE & CO., INC. *vs.* DOUGLAS A. DONAHUE.

Suffolk.    January 10, 1963. — April 2, 1963.

Present: SPALDING, WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Arbitration.   Practice, Civil,* New trial.

Following a refusal of a buyer of wool noils to accept them because of alleged nonconformity to sample and an arbitration pursuant to a provision of the contract of sale for arbitration "in the event of differences between the parties," there was no merit in a contention by the buyer that the award was invalid in that the arbitrators failed to decide the quality of the noils as the only question submitted and went beyond the scope of the submission when they construed the contract of sale as making it "untimely and improper . . . to raise the issue of the quality of the . . . noils before . . . [they] had been accepted and fully paid for by the buyer" and accordingly declined to consider their quality and awarded the seller the full purchase price; and the seller in an action against the buyer to enforce the award was entitled to recover the sum awarded.    [675–677]

After a finding for the plaintiff in an action to enforce an arbitration award to the plaintiff of the full purchase price of goods which the plaintiff had contracted to sell to the defendant and the defendant had refused to accept on arrival, there was no abuse of discretion in denying a motion by the defendant for a new trial grounded on a bare assertion of newly discovered evidence that the goods had "been sold by the plaintiff."    [677]

CONTRACT.    Writ in the Superior Court dated September 27, 1960.

The action was heard by *Rose, J.*

*Lawrence T. Perera (Norman P. Cohen & Paul J. Dolan* with him) for the defendant.

*Francis X. Meaney (Richard G. Mintz* with him) for the plaintiff.

SPIEGEL, J. This is an action of contract heard by a judge in the Superior Court without a jury to enforce an arbitration award made by the American Arbitration Association. The judge made a finding for the plaintiff and assessed damages in the amount of $10,156.80. The case is here on exceptions to the denial of the defendant's two requests for rulings and to the denial of his motion for a new trial.

There was evidence that the plaintiff, on January 15, 1960, sold to the defendant "20 bales of wool noils." When the shipment arrived in Boston, the defendant refused to take delivery of the merchandise claiming that "the noils were different from the selling sample." The contract of sale contained an arbitration clause which read: "In the event of differences between the parties hereto, they shall be settled amicably. Failing this, the parties shall select a third party as Arbitrator, and his decision shall be final and binding. In the event the parties are unable to agree on an Arbitrator, then their dispute shall be submitted for arbitration to the American Arbitration Association of New York, N. Y., pursuant to the rule of that Association." Under date of May 23, 1960, the plaintiff made a "Demand for Arbitration" upon the defendant. The "Demand," a copy of which was sent to the Association, stated the following claim for relief sought: "We delivered to you on February 25, 1960 ex ss RAVENSBURG at Boston, Mass., 20 bales of wool noils. You refused to take delivery claiming that the noils were different from the selling sample. Our examination of samples drawn from each bale showed that 13 bales were like sample, and 7 bales varied slightly. The broker in this transaction, namely Mr. Fred O'Donoghue of Daniel E. O'Donoghue & Sons, Boston, examined the shipment and agrees substantially with our finding. We sug-

gested that you take up 13 bales at the contract price, and the balance of 7 bales with an equitable allowance. You have refused this suggestion. We have also suggested that the dispute be submitted to friendly arbitration or to the Arbitration Committee of the Boston Wool Trade Association, of which we are both members. You refused this suggestion. We ask that you take delivery as we have suggested above. We also claim interest on the basis of 6% per annum against the amount of our invoice for the time it remains unpaid. We also claim refund to us of trucking and warehousing costs.''

The clerk of the Association, by letters dated May 26, 1960, notified the parties of the demand for arbitration, enclosed a copy of the rules of the Association regarding the arbitration proceedings, and directed the defendant's attention to the provisions for an answering statement and counterclaim, if any. Subsequently, the defendant received a list of arbitrators from which he was to select preferences and was formally notified that the hearing was scheduled for August 19, 1960. On August 8, 1960, an attorney representing the defendant informed the Association that the defendant "at all times was willing to stand on whether or not the noils were a good delivery.''[1] By letters dated August 25, 1960, the parties were notified by the clerk of the Association that the hearing had taken place as scheduled and that, for purposes of their award, the arbitrators would not consider the quality of the noils in question because "[i]n the opinion of the Arbitrators, it was untimely and improper, according to the terms of the contract before them, to raise the issue of the quality of the shipment of noils before it had been accepted and fully paid for by the

---

[1] The following is the full text of the letter:

"Our Mr. Doyle, who is now on vacation, had several talks with Attorney Weltman of Boston.

"Mr. Donahue bought the noils in question to be equal to sample.

"When the noils arrived Mr. Donahue rejected them as not being equal to sample and says that your representative agreed that a substantial part of the delivery was lower in grade, poorer color and containing a larger percentage of vegetable matter.

"Mr. Donahue at all times was willing to stand on whether or not the noils were a good delivery; obviously they are not.''

buyer.''[2]   Shortly thereafter the arbitrators awarded the plaintiff the full price of the goods, and ordered the defendant to accept delivery of the goods and that the administrative fees and expenses ''be borne entirely'' by him.   The defendant has refused to pay the award and the plaintiff seeks enforcement of it pursuant to G. L. c. 251, §§ 14–22.

The judge denied the defendant's request for a ruling ''[t]hat on all the evidence the plaintiff is not entitled to recover.''[3]   In support of his position the defendant argues that ''The award of the arbitrators is invalid and cannot be enforced, because the arbitrators did not resolve the dispute submitted to them for arbitration.''   He urges that the only issue before the arbitrators was the quality of the ''wool noils,'' and that in construing the sales contract the arbitrators went beyond the range of the dispute submitted to them.   We do not agree.

The arbitration clause was broad in its scope.   It asserted that ''[i]n the event of differences between the parties . . . they shall be settled amicably'' and failing this

---

[2] The complete letter follows:

''Gentlemen:

''This will confirm that after due notice a hearing in the above-captioned matter has been held before the Arbitrators, Robson, Anatole and Hermann on August 19, 1960 at the offices of the American Arbitration Association.

''The Arbitrators have directed the Association to advise the parties that they have decided not to consider in evidence the 20 samples of noils from Bales #5–24 previously mailed to the American Arbitration Association from Warehouse #13, Inc. in Boston, and submitted to the Arbitrators by Mr. Shasha on behalf of Claimant, for the following reason: In the opinion of the Arbitrators, it was untimely and improper, according to the terms of the contract before them, to raise the issue of the quality of the shipment of noils before it had been accepted and fully paid for by the buyer.

''Consequently the Arbitrators wish to make clear that their award will be based only on the documentary and oral evidence submitted at the hearing and should in no way be construed to constitute a determination of the quality of the noils in question.

''The hearing has been declared closed by the Arbitrators as of August 19, 1960, and they will have 30 days therefrom, or until September 19, 1960 within which to render their award.

Very truly yours,
[s]   John E. Baltay
John E. Baltay
Tribunal Clerk''

[3] The exception to the denial of the defendant's remaining request for ruling is not argued in his brief and, therefore, we need not pass upon it.   See Rule 13 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 698.

the dispute was to be submitted to arbitration. The clause should be construed as broadly as it was intended. *Maxwell Shapiro Woolen Co. Inc.* v. *Amerotron Corp.* 339 Mass. 252, 260, and cases cited therein. *Electronics Corp. of America* v. *Canter Constr. Co.* 343 Mass. 210, 215. The plaintiff in its "Demand for Arbitration" referred to the "suggestion[s]" it had made for an amicable settlement of the dispute. Although these suggestions were prefaced by statements concerning the quality of the merchandise, it does not necessarily follow that in the arbitration proceedings the plaintiff intended to submit anything less than the broad rights of the parties under the contract.

"[T]he arbitrator was guided, as he should have been, by the terms of the contract as he understood them. . . . Even if he was mistaken in his interpretation of the legal effect of the contract, the award does not thereby become invalid. The parties received what they agreed to take, the honest judgment of the arbitrator as to a matter referred to him." *Phaneuf* v. *Corey,* 190 Mass. 237, 246–247. "In the absence of fraud an arbitration decision is binding though there may have been committed an error of law or fact in reaching that decision." *Hannan* v. *Enterprise Publishing Co.* 341 Mass. 363, 365. See *Kesslen Bros. Inc.* v. *Board of Conciliation & Arbitration,* 339 Mass. 301, 302–303; *Wellesley Housing Authy.* v. *S. & A. Allen Constr. Co.* 340 Mass. 466, 472.

Whatever the intention of the parties may have been as to the scope of the arbitration, the arbitrators limited the issues to be decided by them (see fn. 2, *supra*) because "according to the terms of the contract" they thought it "untimely and improper . . . to raise the issue of the quality of the . . . noils" before the buyer had accepted and paid for the shipment. They advised the parties that the award "should in no way be construed to constitute a determination of the quality of the noils."[4]   Under the rules of the

---

[4] The record reveals no effort by the defendant after the letter of August 25, 1960, to obtain a broader consideration of the issues by motion before the arbitrators or by proceedings in any Massachusetts or New York court.

Association the arbitrators were vested with broad powers.[5] Even if the defendant's letter of August 25, 1960, may be viewed as a counterclaim the arbitrators were not compelled to decide that issue. They could sever the issues or, as in this case, decide only one issue. We have no occasion to decide whether further proceedings, either by litigation or arbitration, may now be brought on the issue of the quality of the noils. We are unable to perceive error in the judge's denial of the requested ruling.

The defendant also contends that "in the light of" his newly discovered evidence that the wool noils in question "have been sold by the plaintiff," the denial of his motion for a new trial "could result 'in a miscarriage of justice.' " "A trial judge's disposition of a motion for a new trial is a matter of discretion and in the absence of an abuse of discretion cannot be reversed." *Webber* v. *Johnson,* 342 Mass. 455, 457. The record is devoid of any evidence in support of the defendant's assertion. The judge may have determined that the goods had not been sold or, alternatively, that if the goods had been sold, there was no reason to believe that the defendant would not be credited with the net proceeds of the resale. See G. L. c. 106, § 2–709 (2). Although a sale of the goods may lead to a later and different dispute, which we do not consider, it is not a basis for retrial of any issue already litigated. The record reveals no abuse of discretion.

*Exceptions overruled.*

---

[5] Commercial Arbitration Rules of the American Arbitration Association, Rule VIII, § 42: "Scope — The Arbitrator in his award may grant any remedy or relief which he deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance of a contract. . . ."