GLENN ACRES, INC. & another *vs.* CLIFFWOOD CORP. & others
(and a companion case).

Suffolk.   May 4, 1967. — July 12, 1967.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Arbitration. Contract,* Termination, Contract for arbitration, Escrow
   agreement. *Equity Jurisdiction,* Arbitration, Declaratory relief. *Equity
   Pleading and Practice,* Costs, Suit to enforce arbitration award.
   *Interest.*

Under an agreement for the sale and development of real estate providing
   that it should "be deemed automatically rescinded" in a certain event,
   which occurred, and enumerating the obligations of both the buyer and
   the sellers upon such rescission, and further providing that "Upon the
   fulfillment of the foregoing respective obligations each party shall have
   no further obligations to the other," that "Any controversy or claim
   arising out of or relating to this contract, or the breach thereof, shall
   be settled by" arbitration, and that "this Agreement shall terminate
   upon rescission. . . .  To the extent necessary to fully satisfy unful-
   filled obligations outstanding on the date of termination, the provisions
   of this Agreement shall survive termination," contentions of the sellers
   in a suit in equity for declaratory relief that conflicting claims of the
   parties were not subject to arbitration because the agreement spelled
   out their duties upon rescission and therefore there was no "contro-
   versy," and that "the contract having been terminated by rescission,"
   the arbitration clause was "likewise terminated," were without merit,
   and it was proper to grant a motion by the buyer to stay the declaratory
   relief proceeding pending an arbitrator's award and to dismiss that pro-
   ceeding after the filing of the award.   [153–155]
Upon entry in the Superior Court of a decree confirming and clarifying
   an arbitrator's award, an allowance of costs to the party who had sought
   the arbitration under an agreement providing therefor and had peti-
   tioned for confirmation of the award was wholly within the judge's
   discretion under G. L. c. 251, § 14.   [155–156]
G. L. c. 235, § 8, has no application to arbitrators' awards.   [156]
An award of an arbitrator under G. L. c. 251, not questioned as to amount,
   bore interest from the date of the filing in court of a petition for con-
   firmation of the award, not from the date of the award.   [156]
In the final decree in an equity proceeding confirming and clarifying an
   arbitrator's award wherein the sellers under a rescinded agreement for
   the sale and development of real estate were ordered to pay the buyer
   $40,000, a provision fixing at $15,000 thereof, rather than at $10,000
   thereof as contended by the buyer, the sum to be placed in an escrow

established by stipulation to secure completion by the buyer of certain road work estimated by the planning board of the town to cost $6,000 was not unreasonable; nor was a provision of the decree placing the costs of the escrow arrangement upon the buyer unreasonable. [156–157]

MOTION for order to arbitrate and petition for acceptance and confirmation of the award, filed in the Superior Court on July 16, 1965, and April 4, 1966, respectively.

BILL IN EQUITY filed in that court on July 28, 1965.

Final decrees were entered by *Beaudreau*, J.

*Edward M. Dangel* (*Leo E. Sherry* with him) for Glenn Acres, Inc. & another.

*A. Morris Kobrick* (*Laurence R. Buxbaum* with him) for Cliffwood Corp.

KIRK, J. This litigation, resulting from an agreement for the sale and development of real estate for housing purposes, consists of a bill for declaratory relief and a petition for acceptance and confirmation of an arbitration award which have been consolidated for purposes of appeal. Hearings before an arbitrator commenced on June 9, 1965, and were held on four subsequent days. Thereafter, on July 16, 1965, Cliffwood Corp. (the buyer), under G. L. c. 251,[1] §§ 2, 15, filed a motion for an order to arbitrate. On July 28, 1965, Glenn Acres, Inc. and Benjamin Shaffer (the sellers) brought a bill for declaratory relief seeking to have all prior arbitration hearings declared null and void, to enjoin any further arbitration, and to have the court determine "their right, duty, status or other legal relations" with the buyer and eight other named defendants. The judge ordered that hearings before the arbitrator be resumed. The sellers appealed. On November 12, 1965, on the buyer's motion,[2] a stay of proceedings was granted

[1] General Laws c. 251 as appearing in St. 1960, c. 374, § 1.

[2] The motion was joined in by five of the other eight named defendants in the sellers' bill for declaratory relief. The three defendants who did not join in the motion were: The Provident Institute for Savings, holder of a first mortgage upon the property, which subsequently filed a motion to dismiss; Arrowhead Estates, Inc., a party to the original agreement which had subsequently been declared bankrupt and released from all obligations under the agreement; and Allan B. Lewis, who was designated in the agreement to serve as escrowee upon rescission of the agreement, but who had not assumed any duties at the time the sellers' bill was brought.

pending the arbitrator's award. The award was made on February 11, 1966. The buyer filed on April 4, 1966, a petition for acceptance and confirmation of the arbitrator's award (G. L. c. 251, § 11). The sellers filed an answer and counterclaim. The case was heard, together with the sellers' bill for declaratory relief, commencing September 13, 1966. Final decrees were entered on September 30, 1966, confirming and clarifying the arbitrator's award, dismissing the sellers' counterclaim in that suit, and dismissing the sellers' bill for declaratory relief. The sellers appeal from each of the final decrees and from various interlocutory decrees.[3] The appeals from the interlocutory decrees have not been briefed or argued and are considered waived. The buyer appeals from the final decree confirming and clarifying the arbitrator's award.

We summarize those portions of the agreement which are pertinent to the issues raised by the parties on their appeals. The agreement provided for the conveyance to the buyer of 100 house lots by Glenn Acres, Inc. and 219 lots by Shaffer. The sellers agreed to assume the cost of constructing streets and installing underground services to the lots. The price of each lot was $3,000, to be financed primarily by the buyer assuming existing first mortgages on the lots and executing interest-free second mortgages to the sellers. "20. In the event that the Buyer shall not have paid both the first and second instalments under the second mortgage, or otherwise paid for each of a minimum of forty (40) lots on or before March 1, 1965, this Agreement shall be deemed automatically rescinded as of March 10, 1965 . . . and upon such rescission the provisions of . . . [section] 22 shall apply." Section 22 of the agreement enumerates the obligations of both the buyer and the sellers upon rescission. The buyer is obligated to complete certain mortgage payments, reconvey all lots for which no payments have been made on the second mortgage, and ad-

---

[3] The sellers also appeal from the judge's order that the hearings before the arbitrator be resumed. Because the appeal from the judge's order raises the same issues as are raised upon the appeals from the final decrees, we need not decide whether the judge's order was appealable. See G. L. c. 251, § 18.

just real estate taxes as of the date of rescission. The sellers are obligated to repay to the buyer the amounts paid in cash by it at the time of the original conveyance, less amounts applicable to payment for lots retained by it, and to deposit in escrow a sum sufficient to cover the cost of completing paving and the installation of underground services to the lots retained by the buyer. "Upon the fulfillment of the foregoing respective obligations each party shall have no further obligations to the other." Section 36 of the contract is an arbitration clause. Section 38 provides: "This Agreement shall terminate upon rescission under Section 20 . . .. To the extent necessary to fully satisfy unfulfilled obligations outstanding on the date of termination, the provisions of this Agreement shall survive termination."

The arbitrator's award stated in paragraph 1 that the contract was rescinded effective March 11, 1965. In paragraph 2 of the award the sellers were ordered to obtain (a) a mortgage discharge, (b) planning board releases, and (c) a tax lien waiver. By paragraph 3, the sellers were ordered to pay the buyer $40,000. "The award includes an amount sufficient for Cliffwood Corp. to take over, and itself complete and pay for, all necessary street work and other work relating to the fifteen lots purchased by it . . .." Paragraph 4 ordered the sellers to obtain for the buyer full releases of the first mortgages. The award provided that upon the completion of the sellers' duties under paragraphs 2 to 4, the buyer was to reconvey certain lots to the sellers and to discharge its second mortgage.

1. We first dispose of the appeal taken by the sellers from the final decree dismissing their bill for declaratory relief. The sellers do not dispute the validity of the arbitration clause (G. L. c. 251, § 1). They assert that the judge should not have required them to submit to arbitration but, instead, should have proceeded to decide the suit for declaratory relief. The assertion is based upon the contentions that (a) there was no "controversy" because the agreement spells out the duties of the parties upon

rescission, and (b) "the contract having been terminated by rescission, the clause with reference to arbitration is likewise terminated." We disagree with both contentions.

The sellers' first contention requires little comment. Section 36 of the agreement which sets out the arbitration clause states that "[a]ny controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by Arbitration in accordance with the Rules of the American Arbitration Association." The clause should be construed as broadly as the parties obviously intended. *Maxwell Shapiro Woolen Co. Inc.* v. *Amerotron Corp.* 339 Mass. 252, 260. *Carter, Moore & Co. Inc.* v. *Donahue,* 345 Mass. 672, 676.. The clause constituted binding advance consent to arbitrate at the election of either party any dispute which the parties were unable to settle by reference to the terms of their contract. *Itek Corp.* v. *McEnness,* 340 Mass. 409, 412. Although § 22 of the agreement states the duties of the parties upon rescission, it gives no assurance that a controversy would not arise in the performance of those duties. Further, the sellers' contention that there was no arbitrable controversy under § 22 of the contract does not preclude the existence of arbitrable controversies under other sections of the contract arising from events independent of and prior to the rescission of the contract. Although the arbitrator was not required to (*Fazio* v. *Employers' Liab. Assur. Corp. Ltd.* 347 Mass. 254, 258) and did not state the findings of fact and conclusions of law upon which his award was based, an examination of the award and the subsequent court proceedings shows that the parties obviously had conflicting claims.

The contention that the arbitration clause became inoperable as of the date the contract was rescinded is answered by the language in several articles of the contract. Under section 22 of the contract the parties' obligations under the contract are not terminated until all of the obligations which come into force upon rescission of the contract have been fulfilled. This provision negates the assertion that rescission put an end to the obligations under the contract.

Section 38 of the contract does likewise.   It states that "To the extent necessary to fully satisfy unfulfilled obligations outstanding on the date of termination, the provisions of this Agreement shall survive termination."   The broad agreement to arbitrate *any* controversy, including those arising out of a breach of the contract, was clearly one of the sections of the contract intended to be included among those provisions which survive rescission of the contract.

Because the parties are bound by their agreement to arbitrate, the motion to stay the declaratory relief proceedings was properly granted.   G. L. c. 251, § 2(d).   See *Itek Corp.* v. *McEnness,* 340 Mass. 409, 412–413; *Electronics Corp. of America* v. *Canter Constr. Co.* 343 Mass. 210, 212. A denial of the stay would effectively deprive the arbitrator of his jurisdiction.   See G. L. c. 231A, § 1.   Cf. *Salvucci* v. *Sheehan,* 349 Mass. 659, 662–663.   Similarly, the decree dismissing the bill for declaratory relief was proper. " 'In the absence of fraud an arbitration decision is binding though there may have been committed an error of law or fact in reaching that decision' *Hannan* v. *Enterprise Publishing Co.* 341 Mass. 363, 365."   *Carter, Moore & Co. Inc.* v. *Donahue,* 345 Mass. 672, 676.

2.   We turn to the decree confirming and clarifying the arbitrator's award.   The sellers stipulated before the judge that, provided they had no right to go forward with their bill for declaratory relief, they would agree to the arbitrator's award as clarified by the court.   In view of our conclusion on point 1, the stipulation disposes of the arguments raised by the sellers with respect to the decrees affirming and clarifying the arbitrator's award and dismissing the sellers' counterclaim.   See *Creed* v. *McAleer,* 275 Mass. 353; *Beauregard* v. *Dailey,* 294 Mass. 315; *Dalton* v. *Post Publishing Co.* 328 Mass. 595, 599.

It is the buyer's contention that the decree should be modified so as to entitle it to costs for prosecuting its petition for acceptance and confirmation of the arbitrator's award in the Superior Court.   It is provided in G. L. c. 251, § 14, that "[c]osts of the application and of the proceedings

subsequent thereto, and disbursements in connection therewith *may* be awarded by the court'' (emphasis supplied). The language of the statute indicates that the award of costs is to be in the judge's discretion to which no exception lies. See *Bond* v. *Fay*, 1 Allen, 212; *Barnes* v. *Smith*, 104 Mass. 363, 366; *Breed* v. *Lynn*, 126 Mass. 290, 291–292. Cf. G. L. c. 261, § 1.

The buyer's second contention is that the decree should have provided for the payment of interest on the $40,000 awarded by the arbitrator from the date of the arbitrator's award or, alternatively, from the date that the buyer filed the petition to enforce the arbitrator's award. The issue was raised before the judge. Inasmuch as the appropriateness of the arbitrator's award of $40,000 was not questioned, it is clear that no provision was made for any interest accruing before entry of the final decree.

The buyer was not entitled to interest under G. L. c. 235, § 8, from the date of the arbitrator's award. The situations to which that statute is applicable are clearly stated and do not include arbitrators' awards. See *County Commrs. of Bristol, petitioners*, 193 Mass. 257, 262. Further, G. L. c. 251, §§ 11, 14, contemplate that the finality of an arbitrator's award is subject to and dependent upon the entry of a judgment or decree by the court. Prior to that date, however, the $40,000 arbitrator's award did constitute an unliquidated claim on which the buyer is entitled to interest from the date application was first made to the court for confirmation of the arbitrator's award. *Childs* v. *Krey*, 199 Mass. 352, 358. *Ellis* v. *Burnham*, 263 Mass. 57, 60. *Cochrane* v. *Forbes*, 267 Mass. 417, 421. *Buckley & Scott Util. Inc.* v. *Petroleum Heat & Power Co.* 313 Mass. 498, 509. *Abrams* v. *Loew*, 335 Mass. 96, 100.

The buyer's last contention is that the escrow fund decreed by the judge should be reduced from $15,000 to $10,000 and that the costs of the escrow arrangement should be assessed against the sellers. The escrow fund was not established pursuant to any of the provisions of G. L. c. 251, § 13, but, rather, was the result of a stipulation by both

counsel made in open court. The purpose of the fund was to insure that the buyer complete certain road work to the satisfaction of the Northboro planning board. When counsel for the sellers first declared to the judge that "the only thing we are asking for in this whole case [is] that you determine . . . how much . . . should be put away . . . for the purpose of building the roads," counsel for the buyer stated, "We shouldn't have been in court at all; there is no problem." Later, counsel for the buyer stated: "My client testified it would cost $10,000 to serve those lots. . . . I would still stand on the $10,000." A letter was introduced from the Northboro planning board estimating the cost of the road work at $6,000. Counsel for the buyer stated that there would be "no objection to a decree of clarification whether or not it embodies the information the Court has already placed on the record . . . .."

We think the buyer's counsel, by his statements, agreed to abide by the judge's decision fixing a reasonable sum to be put in escrow for the completion of the road work, and the other terms of the escrow arrangement. Counsel's authority to make such an agreement is not contested. See *Savage* v. *Blanchard,* 148 Mass. 348, 349. We are not disposed to say that the judge's action in fixing the sum at $15,000 and placing the costs of the escrow arrangement upon the buyer was unreasonable.

3. In view of what we have said the decrees dismissing the counterclaim and the bill for declaratory relief filed by Glenn Acres, Inc. and Shaffer are affirmed. The decree confirming and clarifying the arbitrator's award is to be modified to provide for the payment of interest to Cliffwood Corp. from the date of the filing of the petition. Thus modified, the decree is affirmed. Cliffwood Corp. is to have costs in these appeals.

*So ordered.*