TOWN OF ARLINGTON *vs.* LOCAL 1297, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFL-CIO (and a companion case). April 28, 1978. After the decision of the Supreme Judicial Court in *Arlington* v. *Board of Conciliation and Arbitration*, 370 Mass. 769 (1976), a judge of the Superior Court entered judgments for the defendants confirming the arbitrators' awards and ordering the town to pay the amounts awarded "without interest and without costs." The collective bargaining

representatives of the affected employees have appealed, contending that the omission of interest and costs on appeal was erroneous. 1. These cases fall within the usual rule that arbitrators' awards constitute unliquidated claims on which the parties in whose favor the awards have been made are entitled to interest from the date application is first made to the court for confirmation of the awards. *Glenn Acres, Inc.* v. *Cliffwood Corp.*, 353 Mass. 150, 156 (1967), and cases cited. The case of *Trustees of B. & Me. Corp.* v. *Massachusetts Bay Transp. Authy.*, 367 Mass. 57 (1975), on which the town relies, fell outside the usual rule because the arbitrator's award which was confirmed in that case, unlike those before us, did not involve "an unconditional order that one party pay the other a specific sum of money." 367 Mass. at 61. 2. We see no reason to exclude reported cases from the application of Mass.R.A.P. 26, 365 Mass. 873 (1974), governing the award of costs on appeal, particularly in light of the language of Mass.R.A.P. 5, 365 Mass. 847 (1974), that "[a] report of a case for determination by an appellate court shall *for all purposes* under these rules be taken as the equivalent of a notice of appeal" (emphasis supplied). The Supreme Judicial Court having sustained the position of the defendants and having made no express order with respect to costs, the defendants were entitled by operation of Mass.R.A.P. 26(a) to their costs in the Supreme Judicial Court as if on appeal. The judgments are to be modified by adding thereto provisions for interest and costs in accordance herewith.

*So ordered.*

The case was submitted on briefs.
*John F. Maher* for the town of Arlington.
*Warren H. Pyle* for Local 1297, International Association of Fire-fighters, AFL-CIO.