UNITED STATES of America f/u/o J. Farmer and Co., Inc., Plaintiff,

v.

PRAUGHT CONSTRUCTION CORPORATION, American Employer's Insurance Co., Defendants.

Civ. A. No. 83–3426–Mc.

United States District Court, D. Massachusetts.

April 30, 1985.

Edwin J. Fremder, Corwin & Corwin, Boston, Mass., for plaintiff.

Richard J. White, Ferraro & Walsh, Cambridge, Mass., for defendants.

---

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

J. Farmer and Co., Inc., ("Farmer") sued Praught Construction Corporation ("Praught") and its Miller Act surety, American Employer's Insurance Co., to recover amounts due Farmer on two subcontracts for planting beach grass under contracts with the federal government in Plymouth and Barnstable. The parties agreed to stay the action pending completion of arbitration, as required by arbitration agreements in the contracts between Farmer and Praught. On September 7, 1984, the arbitrator awarded Farmer $25,-595 *plus interest* at 12% from December 1, 1983 until the award is paid in full. On September 19, 1984, plaintiff filed motions for confirmation of the award and for judgment. On October 11, 1984, Praught and its surety objected to the confirmation on the grounds that the arbitrator had no right to award interest. The issue, therefore, before the Court is whether the arbitrator had the right to award interest on the amount he found was due Farmer.

### DEFENDANTS' ARGUMENTS

The defendants state that the plaintiff never submitted a claim for interest to the arbitrator either in its formal claim at the beginning of the arbitration proceedings or at any time during the hearings. As a result, defendants argue that "the arbitrator did not have the authority to award interest as it was never properly put before him." Defendants rely on Chapter 251, Section 12(a)(3) of the Massachusetts General Laws for the proposition that the court shall vacate an award if "the arbitrators exceeded their powers." Defendants contend that the arbitrator exceeded the scope of the claims presented to him in awarding interest and that the defendants were prejudiced by being denied the opportunity to rebut the plaintiff's claim as to the amount of interest and the date from which it should be computed. Finally, defendants argue that "by failing to make the claim for interest at any time prior to the conclusion of the hearings before the Arbitrator, the plaintiff waived it's (sic) claim for interest in this matter." No citation is offered to support this contention.

### PLAINTIFF'S ARGUMENTS

Plaintiff states that its demand for arbitration sets forth its contract claim and includes a claim for interest. (Exhibit A, Gagne affidavit) In its post arbitration memorandum, the plaintiff also makes a claim for interest, concluding that "Farmer is entitled to be paid its full contract balance of $25,595 with interest at 12% from at least December 1, 1983 which is 6 months after it completed its work." (Exhibit B, Farmer's Memorandum)

### VALIDITY OF ARBITRATOR'S AWARD OF INTEREST

The traditional rule is that an arbitrator's award constitutes an unliquidated claim on which the party in whose favor the award has been made is entitled to interest from the date that party first applies to the court for confirmation of the award. *Glenn Acres, Inc. v. Cliffwood Corp.*, 353 Mass. 150, 228 N.E.2d 835 (1967); *Town of Arlington v. Local 1297, Intern. Ass'n of Firefighters*, 6 Mass.App. 874, 375 N.E.2d 343 (1978); *Rich, Lang & Cote, Inc. v. Town of Warren*, 13 Mass.App. 972, 432 N.E.2d 119 (1982). "That rule applies only where the judgment or decree is one of a final nature which establishes or, in the case of arbitration, enforces a specific duty to pay a sum of money." *Trustees of Boston & Maine Corp. v. Mass. Bay Transportation Authority*, 367 Mass. 57, 323 N.E.2d 870, 873 (1975). The Supreme Judicial Court in that case established guidelines for the Superior Court on remand to settle the matter of interest: "The underlying principle in this area is that a wrongful delay in payment of a sum of money deprives the prospective payee of the use of the money during that period, and that there ought to be compensation for this delay. *Royal Paper Box Co. v. Munro & Church Co.*, 284 Mass. 446, 451–452, 188 N.E. 223 (1933). *Johnson v. Haz-*

*en,* 333 Mass. 636, 638–640, 132 N.E.2d 391 (1956)." *Id.,* 323 N.E.2d at 875.

In the past few years the traditional rule has evolved in favor of the arbitrator's right to award interest to avoid unjustified windfalls. In a footnote to a 1978 case, Justice Kaplan wrote for the Supreme Judicial Court:

> We find a considerable body of authority elsewhere allowing interest from the date of an arbitral award. Thus in *Lundgren v. Freeman,* 307 F.2d 104, 112 (9th Cir.1962), the court said: "The parties selected arbitrators, rather than a court, as the body that would, in the first instance, determine the amount due. This they had a right to do; this the law encourages them to do. It should be the rule, rather than the exception, that when arbitrators hand down an award the parties will comply with it, without the necessity of court proceedings, just as it is (or should be) the normal or usual result that parties comply with a judgment, without the necessity of resort to process or appeal." *Marlborough Firefighters v. City of Marlborough,* 375 Mass. 593, 378 N.E.2d 437, 441, fn. 7 (1978)

Although that case only raised the issue of allowing interest from the date of the arbitrator's award, Justice Kaplan wrote in a later case:

> We now hold that such should be the general rule for arbitrations of this kind, for the award fixes definite or ascertainable dollar amounts and is by the statute declared presumptively "binding upon the parties" when made. The rule commends itself also because it encourages swift obedience by the parties to the award.
> *Watertown Firefighters, Local 1347 v. Town of Watertown,* 376 Mass. 706, 383 N.E.2d 494, 500 (1978)

In addition, the court stated that "we think the general rule may bend in particular cases to equitable considerations" and added that "we see no reason why a party's offer could not itself propose a disposition of the question of interest which would control if the offer became the award." *Id.,* at 501.

Finally, the Massachusetts Appeals Court endorsed the trend allowing arbitrators to award interest:

> An arbitrator's award of interest, when made as a component of an award, is an integral part of the total remedy that he fashions, and as such, is not subject to the statutory provisions which apply to court-awarded interest on contract claims. (citations omitted) "Provisions of law applicable to judicial actions and proceedings do not necessarily apply to arbitrations. Parties who submit their controversies to arbitration forgo those provisions and leave all questions of law and fact to the arbitrators. The right of interest involves questions of fact and law that are within the purview of the arbitrators." Eager, *The Arbitration Contract and Proceedings* § 131 (1971). Interest included as part of the arbitrator's award must therefore be distinguished from interest added by a court pursuant to an award which is silent on the point. *Blue Hills Regional District School Committee v. Flight* [10 Mass.App. 459] 409 N.E.2d 226, 235 (1980)

In that case, the court found that the arbitrator's award of retroactive salary with interest at nine percent from the date the wrong occurred until the date of the arbitrator's award was proper. In addition, the court stated that "interest on any damages awarded after remand should be established by the arbitrator." *Id.* at 235.

## DISCUSSION

Although the law in this area is still fluid, the *Blue Hills* case suggests that the arbitrator in the present case acted properly in awarding interest from December 1, 1983 until the award is paid in full. December 1, 1983 represents not only the date the plaintiffs requested but also a reasonable outside limit—six months—for payment for work performed under the contract. After that date any interest earned on the $25,595 owed to the plaintiff be-

longed to the plaintiff and therefore unjustly enriched the defendant.

Although the recent case, *Afcodian (International) Limited v. Brompton Air Services,* 753 F.2d 176 (1st Cir.1985), is not directly on point, it raises some pertinent questions. In discussing interest earned on money held in escrow, it asks: "If the winning party is not to have it, who is? Would the bank have free use of the money? Would the trustee simply keep it?" *Id.,* at 178. The court is clearly concerned about interest producing "unjustified windfalls."

By analogy, in the present case the defendant (by not paying the plaintiff money owed him under the contract) has earned over three thousand dollars in interest—money which, given equitable considerations, belongs to the plaintiff. Needless to say, if the arbitrator had ruled the other way, the defendant would be entitled to keep the interest.

The twelve percent presumably represents the amount the money would have earned in a money market account. It does not seem unreasonable.

Given the current policy of encouraging arbitration, the trend of allowing arbitrators to award interest makes sense. Arbitration is a voluntary, economical alternative to litigation. If interest were only to be awarded by courts, then either successful parties will be forced to spend more time and money to recover interest or unsuccessful parties will be unjustly enriched by the use of someone else's money. The incentive to dispute a contract and to delay resolution of any dispute is greater if interest is not part of the arbitrator's award. Therefore, allowing arbitrators to award interest is not only in line with current case law but also helps to streamline the arbitration process and save court resources.

Motion to confirm granted.

\* File only in 83 Civ. 7009–CLB, 83 Civ. 7197–CLB, 83 Civ. 7358–CLB, 83 Civ. 7359–CLB, 83 Civ. 7568–CLB, 83 Civ. 8084–CLB, 83 Civ. 8474–CLB, 83˙ Civ. 8475–CLB, 84 Civ. 0098–CLB, 84 Civ.