*Matthew J. Dupuy* for the plaintiffs.
*Paul R. Matthews* for the defendant.


WILLIAM A. BARNSTEAD & another[1] *vs.* JON F. RIDDER & others.[2] No. 94-P-944. January 19, 1996. *Arbitration*, Appeal of order compelling arbitration, Scope of arbitration, Authority of arbitrator, Judicial review. *Public Policy.*

After the allowance of the defendant's motion to compel arbitration over the plaintiffs' objection, there were hearings before the arbitrator, and he rendered his award. The defendant's motion to confirm the award of the arbitrator was also allowed over the plaintiffs' objection. The plaintiffs appealed from the order allowing the motion to compel arbitration, the order confirming the award of the arbitrator, the order denying the plaintiffs' motion to vacate the arbitration award, and the ensuing judgment.

---

[1]Barnstead Broadcasting Corporation.
[2]Ridder Air Enterprises, Inc., and Ridder Farm, Inc., reach and apply defendants only.

The relevant facts necessary to this decision are very few. The parties, in an effort to form a joint business enterprise, signed an Agreement of Association (agreement) which contained numerous provisions regarding the structure of the joint undertaking. Two clauses are particularly important here. The agreement recites that (i) "Senator Edward Kirby has been appointed arbitrator/mediator of the corporation and can name his successor," and (ii) that the agreement "presupposes a following [*sic*] set of Legal By-laws and Articles of Organization filed with the Commonwealth of Massachusetts. These should be constructed with the assistance of an attorney. They will follow sometime in the next two weeks."

*Discussion.* Without citation to any apposite Massachusetts decision,[3] the plaintiffs urge us to conclude that the "arbitrator/mediator" clause in the Agreement does not require binding arbitration because the clause at issue "does not clearly and exclusively require arbitration." The argument has no merit. There is a strong public policy in Massachusetts favoring arbitration as an alternative to litigation. See *Danvers* v. *Wexler Constr. Co.*, 12 Mass. App. Ct. 160, 163 (1981). Admittedly, the arbitration clause in this case, which was drawn up by lay persons (according to the plaintiffs), is crudely drafted, but the parties signed the agreement, and we are obliged to carry out their intention. See *Carter, Moore & Co.*, v. *Donahue*, 345 Mass. 672, 676 (1963); *Barletta* v. *French*, 34 Mass. App. Ct. 87, 93 (1993) (an agreement to arbitrate should be construed as broadly as it was intended). That intention, inartfully expressed though it may be, is sufficiently clear for enforcement in this case: the parties agreed that Senator Kirby would sit as an arbitrator and determine controversies arising out of the agreement.

We proceed to the question whether the dispute between the parties fell within the agreement to arbitrate. Absent "positive assurance" that the clause in question does not cover the dispute at hand, or that no lawful relief can be granted, a motion to compel arbitration is not to be denied. *Massachusetts Coalition of Police, Local 165, AFL-CIO* v. *Northborough*, 416 Mass. 252, 256 (1993).

No such positive assurance can be advanced in this case. The defendant's motion to compel arbitration set up the controversy regarding the effect to be given their agreement. The plaintiffs asserted in their opposition to the motion to compel arbitration that the agreement signed by the parties contemplated further agreements regarding the venture, and thus the agreement as signed was not enforceable. On these facts we conclude that an arbitrable dispute had arisen between the parties regarding the

---

[3]We also note the absence of a "short summary of argument" in the plaintiffs' forty-two-page brief (to which was added their twenty-page reply brief), as required by Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

interpretation of their agreement: was it binding and enforceable without further agreements regarding the venture?[4]

Given the broad scope of the agreement to arbitrate, the question of the enforceability of the agreement did not preclude arbitration; it required arbitration. The fact that the arbitrator might conclude that the agreement was not fully integrated did not negate the agreement to arbitrate matters in dispute regarding the proposed venture. "The question of interpretation of the agreement is for the arbitrator." *Plymouth-Carver Regional Sch. Dist.* v. *J. Farmer & Co.*, 407 Mass. 1006, 1007 (1990). See *Geller* v. *Temple B'nai Abraham*, 11 Mass. App. Ct. 917, 918-919 (1981). See also *Quirk* v. *Data Terminal Sys., Inc.*, 379 Mass. 762, 765 (1980) (rejecting the argument that Massachusetts common law requires that a contract will be rescinded by the courts in its entirety or not at all, and that therefore the arbitration clause is not severable as a vehicle for resolving the dispute regarding rescission for fraud in the inducement).[5]

The plaintiffs argue further that the defendant is bound by statements made and positions taken by defendant's counsel *during the arbitration hearings*, with the result that the defendant is precluded from arguing the enforceability of the arbitration clause. The argument has no merit. The unequivocal position of the defendant in the Superior Court was that the arbitration provision should be enforced even though the agreement itself was unenforceable. The arbitrator sustained that position, see note 4, *supra*, as do we. An isolated and incomplete statement of defendant's counsel to the arbitrator does not alter or undo the defendant's position in this matter. The statement of counsel did not provide a basis for vacating the award of the arbitrator, see G. L. c. 251, § 12, and that award encompasses all issues within the scope of the submission, including, in this instance, the enforceability of the arbitration clause. There being no basis upon which the award may be vacated under § 12, the plaintiffs are bound by it. "In the absence of fraud an arbitration decision is binding though

[4]In particular, the dispute drew into question the meaning and effect to be given the second clause quoted above — whether the "presupposition" that the by-laws and articles of organization, subsequently to be prepared, required the agreement of the parties regarding the content of those instruments. This controversy had to do with the basic structure of the arrangement contemplated by the agreement and thus fell squarely within the arbitration clause to which the parties had committed themselves. The arbitrator concluded that the agreement between the parties was incomplete; the parties had failed to reach agreement on a mutually agreeable corporate structure.

[5]Other jurisdictions have also adopted the severability doctrine. See *Flower World of Am., Inc.* v. *Wenzel*, 122 Ariz. 319 (1978); *Two Sisters, Inc.* v. *Gosch & Co.*, 171 Conn. 493 (1976); *Pinkis* v. *Network Cinema Corp.*, 9 Wash. App. 337 (1973); *Allison* v. *Medicab Intl. Inc.*, 92 Wash. 2d 199 (1979).

there may have been committed an error of law or fact in reaching that decision." *Carter, Moore & Co., Inc.* v. *Donahue,* 345 Mass. at 676. See also *Plymouth-Carver Regional Sch. Dist* v. *J. Farmer & Co, supra* at 1007. Similarly, there is no merit to the plaintiffs' argument that the defendant, having previously argued the inconclusive effect that must be given the agreement, is estopped from asserting the validity of the arbitration clause, citing *Fay* v. *Federal Natl. Mort. Assn.,* 419 Mass. 782, 787 (1995). *Fay* has no bearing on our holding that the defendant is entitled to an award of the arbitrator regarding the interpretation of the agreement.[6]

Finally, the plaintiffs argue that the judge abused his discretion by failing to vacate the award on the ground that the arbitrator failed to disclose his partiality to the defendant based on his "close business connections" between the arbitrator's family and the defendant's family. The thrust of the motion is the alleged misconduct of the arbitrator, see G. L. c. 251, § 12(*a*) (2); that charge is based upon the affidavit of William R. Tuttle, the original attorney for the plaintiffs but someone who was not called as a witness at the arbitration hearings.

We have reviewed the affidavit of Mr. Tuttle. It is a verbose collection of conjectures, surmises, assumptions, and outright denials of personal knowledge of the subject of which he purports to speak. It is entitled to no weight. The attribution to Kirby of the statement, "I'm not sure that I can. I'm just not sure," even if taken as true, was followed by Kirby's simple, clear and self-confident award in this matter. If Kirby at one time entertained self-doubts, he had resolved them when the time came for a decision.

"A matter submitted to arbitration is subject to a very narrow scope of review." *Plymouth-Carver Regional Sch. Dist.* v. *J. Farmer & Co., supra* at 1007. We have reviewed the asserted charges against the arbitrator, and find them "so thin that any challenge to the award must fail." See *Bernstein* v. *Gramercy Mills, Inc.,* 16 Mass. App. Ct. 403, 413 (1983), where the cases are collected. See also *Coughlan Constr. Co.* v. *Rockport,* 23 Mass. App. Ct. 994, 997 (1987). There was no error.

> *Order allowing motion to compel*
> *arbitration affirmed.*

> *Order denying motion to vacate*
> *arbitration award affirmed.*

> *Judgment confirming the arbitration*
> *award affirmed.*

*Michael C. Gilleran* for the plaintiffs.

---

[6]We also reject the plaintiffs' argument that the defendant waived his right to an award of the arbitrator. The defendant's ninth affirmative defense states that the parties agreed to the binding arbitration of any dispute between them.

*Gordon M. Orloff* for Jon F. Ritter.