King, J.
The City of Boston (Ciiy), seeks, pursuant to G.L.c. 150C, §11, to vacate a labor arbitration award in favor of former Boston Fire Department fire fighter, Richard Jeanetti, represented by the International Association of Firefighters, Local 718 (Union). The City contends that the arbitrator exceeded his authority in enforcing a provision of a collective bargaining agreement when the Fire Commissioner suspended Mr. Jeanetti pursuant to G.L.c. 268A, §25. The Union claims that the arbitration award should be affirmed. After hearing, and for the reasons set forth below, the City’s Petition to Vacate the Arbitration Award is ALLOWED.
BACKGROUND
The relevant facts are as follows: On December 20, 1990, Richard Jeanetti (Jeanetti), a fire fighter for the City of Boston, was indicted, in the United States District Court for the District of Massachusetts, for conspiring to Possess with Intent to Distribute a Controlled Substance and other related offenses. On January 11, 1991, while Jeanetti was on injured leave from the Department, he was suspended from his employment by Fire Commissioner Martin E. Pierce, Jr. pursuant to G.L.c. 268A, §25.[1] Jeanetti’s suspension under c. 268A, §25 did nor allow for the continued receipt of his injured leave benefits.[2]
The Union filed a grievance on January 14, 1991, claiming that Jeanetti was entitled to his injured leave benefits during his suspension in accordance with the Collective Bargaining Agreement (Agreement) between the City and the Union.[3] On March 6, 1992, Jeanetti plead guilty to the indictment and retired from the Boston Fire Department.
An arbitration hearing regarding the January 14, 1991 grievance was held before Arbitrator Craig E. Overton on December 5, 1995. In his arbitration award, issued on March 14, 1995, the arbitrator concluded that the grievance between the parties was arbitrable and that the City violated the “just cause” provision of the Agreement when Jeanetti was suspended without injured leave benefits.
DISCUSSION
A matter submitted to arbitration is subjected to a limited scope of judicial review. Plymouth-Carver Regional School District v. J. Farmer & Co, Inc., 407 Mass. 1006, 1007 (1990). Absent fraud, the court’s inquiry is confined to whether the arbitrator exceeded the scope of his reference or awarded relief in excess of his authority. School Committee or Waltham v. Waltham Educators Assoc., 392 Mass. 703, 705 (1986).
In support of its position that the arbitrator exceeded his authority in entering the March 14, 1995 award, the City claims that the “just cause” provision of the Agreement plainly conflicts with G.L.c. 268A, §25. The Union, however, claims that the arbitrator correctly reconciled the statute and the Agreement, since Section 25 is a general discretion statute which can be subject to the terms of a collective bargaining agreement.
When a provision of a collective bargaining agreement conflicts with a law enumerated in G.L.c. 150E, §7(d), the terms of the collective bargaining agreement shall prevail. See G.L.c. 150E, §7(d). General Laws Chapter 268A, §25, however, is not one of the statutes enumerated in G.L.c. 150E, §7(d). Where an employer acts pursuant to a statute which is not enumerated in G.L.c. 150E, §7(d), courts focus on the question whether there exists a material conflict between the *359 agreement and the unenumerated statute. If a material conflict exists, the agreement must give way to the statute. See City of Leominster v. International Brotherhood of Police Officers, Local 338, 33 Mass.App.Ct. 121, 124-25 (1992). The conflict between the “just cause” provision in the Agreement and G.L.c. 268A, §25 is evident and material. “The purpose of §25 is apparent. A person suspended is relieved of all duties and loses for the time all benefits. There is a complete severance of the relationship between employer and employee.” Brown v. City of Taunton, 16 Mass.App.Ct. 614, 620 (1983). The “just cause” provision of the Agreement, on the other hand, provides for grievance procedures before a fire fighter is terminated without benefits.
In City of Leominster,, the Court of Appeals found that the section of the civil service statute, which provided that the appointing authority may terminate the employment of a probationary employee, directly and substantially conflicts with the “just cause” standard for discharge in a collective bargaining agreement between the City of Leominster and the police officer’s union. Leominster, 33 Mass.App.Ct. at 127. Because there existed a material conflict between the agreement and the statute, the court concluded that the agreement must yield to the statute. Id, Further, the court concluded that an arbitrator, who found that the discharge under the statute violated the “just cause” provision of the collective bargaining agreement exceeded his authority in allowing an award. Id. at 127-28.
The demands of public safely underscore the importance of managerial control over decisions regarding the continued employment of fire fighters who have been indicted. See City of Boston v. Boston Police Superior Officers Federation, 29 Mass.App.Ct. 907, 908-09 (1990). Certain subjects simply are beyond the scope of public sector collective bargaining. City of Boston v. Boston Police Patrolmen Ass’n., 403 Mass. 680, 684, n.6 (1989). The clear language of G.L.c. 268A, §25 evinces a legislative intent to delegate exclusively to management the decision whether or not to suspend an indicted employee. The Legislature was aware that in some instances an employee might be wrongfully suspended. For this reason, the Legislature included in Section 25 a provision that a suspended employee who is not found guilty is entitled to a full restoration of lost benefits. To the extent the Agreement required the City to arbitrate Jeanetti’s termination under the “just cause” provision of the Agreement, it is in conflict with the statute and unenforceable. For these reasons, the court concludes that the arbitrator’s decision to give effect to the Agreement was beyond his authority
ORDER
For the reasons set forth above, the City of Boston’s Petition to Vacate the Arbitrator’s Award is hereby ALLOWED. Judgment shall enter vacating the arbitration award.

 hn relevant part, G.L.c. 268A, §25 provides:
A officer or employee of a county, city, town, or district.. . may, during any period such officer or employee is under indictment for misconduct in such office or employment or for misconduct in any elective or appointive public office, trust or employment at any time held by him, be suspended by the appointing authority, whether or not such appointment was subject to approval in any manner.

 Section 25 states, “[any] person so suspended shall not receive any compensation or salary during the period of suspension.”

 In relevant part, Article XVI, Section 7 of the collective bargaining agreement between the City and the Union provides: “Employees shall not be disciplined nor discharged except for just cause.”