Troy, J.
The Suffolk County Sheriff (“Sheriff’) moves to vacate the arbitrator’s award on the basis that the arbitrator exceeded his authority when he considered issues not before him and when he ordered that the employee be returned to work or placed on paid leave of absence. The respondent seeks summary judgment to confirm the award. For the reasons set forth below, the motions are confirmed in part and denied in part.
STANDARD USED BY ARBITRATOR
The Sheriff argues that the arbitrator’s award must be vacated for the reasons that the arbitrator exceeded his powers because he based his analysis and award on issues that were not properly before him. Specifically, that he learned after the arbitration hearing that a Federal criminal indictment had been brought against William Benson, the Union member who had been terminated (“Benson”). The Sheriff argues that the arbitrator improperly considered Benson’s indictment, mistakenly heightened the “just cause” standard called for in the CBA and required the Sheriff to satisfy a “beyond a reasonable doubt” standard to justify his decision to terminate Benson. The fact that the arbitrator learned of the indictment after the arbitration hearing is not relevant since the arbitrator states in his decision at 19 that even if Benson had not been indicted he would have imposed a “beyond a reasonable doubt” standard to determine if the Sheriff had just cause to terminate Benson because the termination charges were serious and criminal in nature. Even if we were to assume that the arbitrator erred, a matter submitted to arbitration is subject to a very narrow scope of review. Absent fraud, errors of law or fact are not sufficient grounds to set aside an award, and even a clearly erroneous decision is binding. See Trustees of Boston & Maine. Corp. v. Massachusetts Bay Transp. Authy., 363 Mass. 386. See also Barnstead v. Ridder, 39 Mass.App.Ct. 934, 936-37 (1996). *604 “Even a grossly erroneous (arbitration) decision is binding in the absence of fraud.” Lynn v. Thompson, 435 Mass. 54, 61-62 (2001). Both parties had consented to the use of this arbitrator. When a party enters a contact with an arbitration clause, it must accept the chaff with the wheat. That the arbitrator may have improperly considered the indictment which resulted in his application of an incorrect standard is not grounds to vacate the award.
BENSON’S WORK STATUS
The Sheriff argues that the arbitrator exceeded his authority when he ordered that Benson be put back to work or on an paid leave of absence. The Sheriff has exclusive authority to suspend Benson without compensation or salary since he was an employee under an indictment for a felony. G.L.c. 268A, §25. The arbitrator’s award conflicts with the statute and is beyond the scope of his authority. See City of Boston v. International Association of Boston Firefighters, Local 718, 6 Mass. L. Rptr. 358, 1996 West Law 769235 (Mass. Super.). Therefore, that portion of the order requiring the Sheriff to return Benson to work or place him on a paid leave of absence pending the outcome of this criminal case is vacated.
INTEREST
Benson shall be entitled to post-award interest on any back pay he may ultimately receive pursuant to the award. Sansone v. Metropolitan Property & Liability Insurance Co., 30 Mass.App.Ct. 660, 663 (1991).
D. ORDER
Petitioner’s motion to vacate the arbitrator’s award is ALLOWED as to that portion of the award which requires the Sheriff to return Benson to work or to place him on a paid leave of absence pending the outcome of his criminal case. Otherwise, motion DENIED.
Respondent’s motion for summary to confirm the arbitrator’s award is ALLOWED, except as to that portion of the award which requires the Sheriff to return Benson to work or to place him on a paid leave of absence pending the outcome of his criminal case, which is DENIED.