Curran, Dennis J., J.
The parties each own a unit in a two-unit condominium at 129-131 Riverside Street in Watertown, Massachusetts. The plaintiff Shawn McNamara and defendant Nancy Marks are also first cousins. They have been arguing, for over five years, over the stairs leading to the front doors of the condominium units. Ms. Marks has moved to dismiss or compel arbitration based upon an arbitration provision in the Condominium’s Declaration of Trust. Applying the terms of the Trust and the Commonwealth’s public policy favoring arbitration of disputes, this Court ALLOWS the motion to compel arbitration.
DISCUSSION
A motion to compel arbitration must be treated as a motion for summary judgment. See G.L.c. 251, §2(a) (judge shall proceed summarily to determine existence of arbitration agreement). Accordingly, this Court determines the facts from the entire record before it, not simply the complaint.
Massachusetts has a strong public policy favoring arbitration as an expeditious alternative to litigation. See Home Gas Corp. of Mass., Inc. v. Walter’s of Hadley, Inc., 403 Mass. 772, 774 (1989). See also Robichaud v. Lowell School Committee, 456 Mass. 653, 660-61 (2010). Courts determine whether a contract to arbitrate exists based upon the principles of contract law and a public policy favoring arbitration. See *98 Local Union No. 1710, Int’l Ass’n of Fire Fighters, AFL-CIO v. Chicopee, 430 Mass. 417, 421 (1999).
Here, each unit owner holds a fifty percent interest in the Trust, and each is entitled to appoint one Trustee. Section “(c) Majority Vote” of the Trust states: “In all matters relating to the administration of the Trust hereunder and the exercise of the powers hereby conferred, the Trustees shall act by unanimous vote.”
The parties’ dispute putatively stems from the reconstruction of the front stairway leading up to the condominium. For purposes of this motion, the Court finds that this is a “common area” and thus, subject to the By-Laws governing common areas. See complaint—Exhibit A—Condominium Master Deed, 129-131 Riverside Street, attached Exhibit C (describing front porch and stairway as an immediate common area). The By-laws state: “All maintenance, and replacements of and repairs to the common areas and facilities as defined in the Master Deed... shall be made by the Trustees and shall be charged to each of the Unit Owners as a Common Expense . . .” (See section 21 thereof.)
The Trust also contains a section entitled “Disputes” which reads that “(a]ny Unit Owner aggrieved by any decision of the Trust in the administration of the Condominium may, within (30) days of the decision or action of the Trust, appoint an arbitrator...” Whether through oversight, the use of boilerplate language, or otherwise, this provision creates an impossibility: the only manner for resolving a dispute requires the unit owners to act unanimously in creating the dispute.
Interpreting this provision so as to give it meaning, this Court finds that Nancy Marks, as a Unit Owner, was aggrieved by a decision of the Trust, namely Shawn McNamara’s decision, in his role of Trustee, to refuse to permit construction to go forward on the common area. See Danvers v. Wexler Constr. Co., 12 Mass.App.Ct. 160, 163 (1981), quoting Carter, Moore & Co. v. Donahue, 345 Mass. 672, 676 (1963) (“an agreement to arbitrate which is expressed in general terms ‘should be construed as broadly as it was intended’ ”). Alternatively, this Court could find that Ms. Marks acted in her role as Trustee when she decided to begin work on the common area, making Mr. McNamara the aggrieved unit owner. Both results leave us in the same place.
In reaching the determination that arbitration is the appropriate course, the Court also notes the April 29, 2010 letter from the McNamaras’ predecessor counsel to Ms. Marks requesting that the parties arbitrate this dispute. In 2010, the plaintiffs recognized the availability of arbitration. It would therefore be inconsistent to claim that this same arbitration clause is now inapplicable.
However, the 2010 letter does lead into an issue the McNamaras have raised, namely, whether Ms. Marks waived her right to arbitration by delaying the proceedings. “An agreement to arbitrate, like any other contractual agreement, can be waived.” Edwards v. Lauro, 79 Mass.App.Ct. 1111 (2011) (Rule 1:28), citing Weston Sec. Corp. v. Aykanian, 46 Mass.App.Ct. 72, 80 (1998). Whether a defendant has waived his right to arbitration is a question for this Court, Martinv. Norwood, 395 Mass. 159, 162 (1985). The right to arbitration is waived when, under the totaliiy of the circumstances, the party acts inconsistently with its arbitration right. Home Gas Corp. of Mass., Inc., 403 Mass, at 775 (explaining factors examined in reviewing for waiver).
Ms. Marks has not expressly or impliedly waived her right to arbitrate. See Home Gas Corp. of Mass., Irte., 403 Mass, at 772-73 (arbitration stayed where demand made two and one-half years after litigation commenced); Turrón v. Palefsky, 7 Mass.App.Ct. 847, 847 (1979) (Rescript) (parties waive arbitration if they proceed to trial on issue). Here, the demand for arbitration was made immediately after the filing of this lawsuit. While the delay in filing the lawsuit may have been attributable to the defendant, this Court cannot affirmatively say she waived her contractual rights. See Edwards v. Lauro, 79 Mass.App.Ct. at 1111 (Rule 1:28) (delay of one hundred days between filing of suit and compelling arbitration insufficient to constitute waiver).
ORDER
For these reasons, it is hereby ORDERED that defendant’s motion to compel arbitration be ALLOWED. The parties shall select an arbitrator and an arbitration date within thirty (30) days of the date of this Order and advise the Court by joint affidavit as to when the arbitration will take place. In view of the highly-charged atmosphere between these litigants (and neighbors), the arbitration shall be scheduled as soon as possible and completed within ninety days of the date of this Memorandum. Pursuant to G.L.c. 251, §2(d), this action is stayed pending arbitration.