OLD COLONY REGIONAL VOCATIONAL TECHNICAL HIGH SCHOOL DISTRICT *vs.* NEW ENGLAND CONSTRUCTORS, INC., & others. June 7, 1977. The plaintiff school district (Old Colony) brought an action to have declared void an alleged attempted assignment by the defendant general contractor (New England) to various of its subcontractors of its right to arbitrate contract disputes with Old Colony. Old Colony also sought to enjoin future assignments and to recover damages for alleged unfair and deceptive trade practice in violation of G. L. c. 93A. The lower court declared the alleged assignments void and granted the injunction but ruled that no c. 93A violations had occurred. 1. It is not clear whether the judge found that any actual assignment was made. The record indicates only that arbitration was sought not pursuant to an assignment, but in the name of the general contractor. See *Owens-Corning Fiberglas Corp.* v. *United States,* 419 F.2d 439, 454-455 (Ct. Cl. 1969). Had there been evidence of an actual assignment the injunction would have been proper. While the assignee of a contract who assumes both its obligations and benefits may enforce an arbitration clause in the contract against the original contracting party (see *Arnold Bernstein Shipping Co.* v. *Tidewater Commercial Co.* 84 F. Supp. 948 [D. Md. 1949]; *Application of Reconstruction Fin. Corp.* 106 F. Supp. 358 [S.D.N.Y. 1952], affd. sub nom. *Reconstruction Fin. Corp.* v. *Harrisons & Crosfield, Ltd.* 204 F.2d 366 [2d Cir.], cert. den. 346 U. S. 854 [1953]; *Chatham Shipping Co.* v. *Fertex S.S. Corp.* 352 F.2d 291, 294 [2d Cir. 1965]), in the absence of a specific provision in the general contract permitting assignment of the right to arbitrate, the gen-

eral contractor may not assign the arbitration clause in its contract to a subcontractor who has no direct relationship with the owner. See Domke, Commercial Arbitration 53-54 (1965). However, since there was no evidence that an assignment had actually been attempted or was about to be made, the injunction was "unnecessary and inappropriate." *Franz* v. *Franz*, 308 Mass. 262, 265 (1941). See *Sullivan* v. *Barrows*, 303 Mass. 197, 202-203 (1939); *Saugus* v. *B. Perini & Sons, Inc.* 305 Mass. 403, 408 (1940); *Shaw* v. *Harding*, 306 Mass. 441, 449-450 (1940). New England could seek arbitration in its own name even if the claim were primarily for the benefit of the subcontractor. See *Owens-Corning, supra; Merritt Chapman & Scott Corp.* v. *United States*, 458 F.2d 42, 43 (Ct. Cl. 1972). New England alone was legally bound to perform its contract with Old Colony; and it had a contractual right to bring arbitration proceedings with respect to claims for extra labor and materials ordered by the owner regardless whether New England performed the work itself or through a subcontractor. See *United States* v. *Blair*, 321 U. S. 730, 737 (1944). Extras furnished by a subcontractor for which it was entitled to compensation were also extras subject to arbitration by New England under the general contract. It is not uncommon for a subcontractor in such a situation to lend its assistance to the general contractor in arbitration proceedings since both have a stake in the outcome. See Powers, Representing the Sub-Contractor, 8 Forum 473, 475 (1973). 2. We find the plaintiff's c. 93A claim without merit. That part of the judgment relating to an alleged "unfair and deceptive practice" under c. 93A is affirmed. The balance of the judgment is reversed.

*So ordered.*

*Robert J. Sherer* for the defendants.
*James A. Brett* for the plaintiff.