MIDWAY EXCAVATORS, INC. *vs.* GRANITE SAVINGS BANK.    October 28, 1983.    *Practice, Civil,* Summary judgment.    *Contract,* Performance and breach.

The plaintiff subcontractor, Midway Excavators, Inc. (Midway), brought an action in the Superior Court against the defendant, Granite Savings Bank (Granite), to recover damages incurred as a result of the defendants' breach of an alleged agreement.    Granite filed a motion to dismiss under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), or in the alternative, for summary judgment under Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974).    Affidavits and exhibits in support of and in opposition to the motion were received and considered by the judge, who properly treated the motion as one for summary judgment.    See *White* v. *Peabody Constr. Co.,* 386 Mass. 121, 126 (1982); *Stanton Indus., Inc.* v. *Columbus Mills, Inc.,* 4 Mass. App. Ct. 793 (1976).    The trial judge granted summary judgment for the defendant, and the plaintiff appeals.

The principal issue presented is whether the trial judge was correct in concluding that there was no factual question involving the existence of an enforceable agreement.    Viewing the affidavits and exhibits properly before the court, and considering all necessary inferences in favor of the plaintiff, *Hub Associates* v. *Goode,* 357 Mass. 449, 451 (1970), we conclude that the plaintiff has raised genuine issues of fact which entitle it to a trial.    See *Stetson* v. *Selectmen of Carlisle,* 369 Mass. 755, 763 (1976); *Dolloff* v. *School Comm. of Methuen,* 9 Mass. App. Ct. 502, 506 (1980).

Midway, in its counter-affidavit asserts that it entered into a contract to build a road with a general contractor doing business as Twin Towers Inc. (Twin Towers).    Midway, having never before engaged in business with Twin Towers, sought certain guarantees of payment for any services it was to provide.

Twin Towers informed Midway that it should seek any and all assurances from its mortgage lender, Granite.    Midway's representative subsequently met with one Campbell, then Granite's treasurer, and informed him of the type of assurance or guarantee Midway had to receive prior to commencing performance.

Granite delivered a "letter signed by Campbell," to Midway, stating that Twin Towers had been awarded a construction mortgage of $140,000 and that the money "will be held in escrow and will be released as the work is completed."    Midway, in reliance on this letter, commenced performance under the contract.

While construction was proceeding, and within thirty days after the mortgage funds had been deposited in Twin Towers' Construction accounts, Twin Towers withdrew an amount of $22,000 for an unknown purpose. Subsequently, having refinanced the project with another institution, Twin Towers discharged its obligations under the initial mortgage. At that time, Midway had been paid in installments for all but its final bill of $18,824.65. Twin Towers was later declared bankrupt, and Midway was named as one of its creditors. Midway then brought an action in the Superior Court, seeking to recover the outstanding bill from Granite, alleging breach of contract, and, in the alternative, breach of Granite's duty as an escrow agent.

Questions of fact remain as to the construction of the defendant's letter. The plaintiff appears reasonably to have relied upon the language used by the defendant and should be afforded the right to present its case in establishing the existence of either an express contract to guarantee payment or an escrow agreement and the defendant's apparent breach of its fiduciary duty as an escrow agent. See *Childs* v. *Harbor Lounge of Lynn, Inc.*, 357 Mass. 33, 35 (1970); *Superior Glass Co.* v. *First Bristol County Natl. Bank*, 380 Mass. 829 (1980).

The plaintiff has established the apparent framework of a contract, its breach and resultant damage. *Coolidge Bank and Trust Co.* v. *First Ipswich Co.*, 9 Mass. App. Ct. 369 (1980). The letter that forms the basis of this contract is ambiguous, and the parties cannot agree on its meaning. The construction of the alleged agreement must be ascertained "from the parties' intent as manifested by the [letter's] terms and the circumstances surrounding its creation." *Merrimack Valley Natl. Bank* v. *Baird*, 372 Mass. 721, 723 (1977). As the letter does not appear to be a final expression of an agreement, oral evidence of the parties' conversations should be utilized to help explain the terms therein. See *Antonellis* v. *Northgate Constr. Corp.*, 362 Mass. 847 (1973); *Regina Grape Prod. Co.* v. *Supreme Wine Co.*, 357 Mass. 631, 634 (1970).

Because there are genuine issues of material fact, the trial judge was incorrect in granting the defendant's motion for summary judgment under Mass.R.Civ.P. 56.

The judgment is vacated, and the case is remanded to the Superior Court for further proceedings in accordance with this opinion.

*So ordered.*

*David J. Hallinan* for the plaintiff.
*Robert P. Laramee* for the defendant.