42 Mass. App. Ct. 275                                        275

Unisys Finance Corporation *v.* The Allan R. Hackel Organization, Inc.

UNISYS FINANCE CORPORATION *vs.* THE ALLAN R. HACKEL
ORGANIZATION, INC.

No. 94-P-1754.

Suffolk. February 14, 1996. - March 5, 1997.

Present: PERRETTA, SMITH, & LAURENCE, JJ.

*Practice, Civil,* Summary judgment. *Contract,* Arbitration, Lease of equipment, Assignment. *Collateral Estoppel.*

Where a party to a lease agreement had a right to arbitrate thereunder, an assignee of that party's rights under the agreement had no further rights under the lease [280-281], and an arbitration clause in a separate but related agreement for the purchase and sale of the leased goods did not require the parties to arbitrate the claims under the lease [281].

In a civil action brought to recover money owed under a lease agreement, claims of a third party finance corporation were not barred by previous arbitration under a related purchase and sale contract for the leased goods, where the arbitrators did not reach the merits of any claims under the lease. [281-282]

The judge in a civil action incorrectly ordered summary judgment for the defendant where material issues of fact remained in dispute: the matter was remanded for further proceedings. [282]

CIVIL ACTION commenced in the Superior Court Department on May 5, 1992.

The case was heard by *Catherine A. White,* J., on motions for summary judgment; a prior motion for summary judgment had been heard by *Peter M. Lauriat,* J.

*William N. Berkowitz* for the plaintiff.

*Mark A. Berthiaume (Louis J. Scerra* with him) for the defendant.

SMITH, J. Unisys Finance Corporation (UFC), a wholly owned subsidiary of Unisys Corporation (Unisys), brought an action in the Superior Court against The Allan R. Hackel Organization, Inc. (TAHO) seeking to recover $243,955.44 it claimed was owed to it under a certain lease agreement that it

entered into with TAHO. The lease financed the acquisition of certain computer equipment by TAHO from Unisys. UFC filed a motion for summary judgment as did TAHO. After a hearing, a Superior Court judge denied UFC's motion for summary judgment and granted TAHO's motion. UFC brought this appeal claiming that the judge committed error in granting TAHO's motion. UFC also contends that another Superior Court judge committed error in denying an earlier summary judgment motion brought by it.

We summarize the undisputed facts concerning TAHO's purchase of a computer system from Unisys and TAHO's financing of the purchase through UFC.

In September, 1988, TAHO entered into a consolidated agreement with Unisys, the parent company of UFC, for the purchase of certain hardware and software (the software was to be supplied by a third party). The consolidated agreement contained an arbitration clause that stated in pertinent part: "Any controversy or claim arising out of or relating to this Agreement or the breach thereof, will be settled by arbitration . . . and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction."

Unisys agreed to finance the purchase for TAHO through UFC. To that end, on October 7, 1988, UFC and TAHO executed two documents. First, TAHO assigned its right to purchase the equipment to UFC; second, UFC and TAHO executed an equipment lease which provided that UFC would lease the equipment back to TAHO. The parties agreed that the lease would not take effect and TAHO would not have to make any rental payments until TAHO signed a certificate of acceptance of the computer equipment for UFC. The lease did not contain an arbitration clause.

There were several problems with the system once it was installed. Although the system was supposed to be operational as of December 1, 1988, it was still not working by April, 1989. On April 25, 1989, TAHO signed a certificate of acceptance for UFC even though the system was not working.[1] The certificate stated, among other things, that TAHO would commence payment in accordance with the provisions of the lease and that the payments would begin on April 25, 1989.

---

[1]Whether TAHO later properly revoked its acceptance of the computer system was an issue in the later arbitration between it and Unisys.

On April 30, 1989, UFC sent its first invoice to TAHO for payment of the agreed monthly rent. Because TAHO still did not have an operational system, it did not pay the first invoice or any subsequent invoices sent to it through October, 1989.

By letter dated October 30, 1989, Unisys wrote to TAHO acknowledging that TAHO had still not received an operational system. Unisys further stated that, "[i]t is understood that TAHO will make no payments until the project has been completed . . . [and UFC] will re-do the lease effective as of the date of the execution of a new certificate of acceptance." No invoices or demands for payment were sent to TAHO by Unisys or UFC between October 30, 1989, and April, 1992, the month that UFC filed this action.

On May 9, 1990, UFC assigned its interest in the lease to Unisys without notifying TAHO. In conjunction with that assignment, Unisys paid UFC the arrears due to UFC under its lease with TAHO.

On August 3, 1990, TAHO requested that Unisys remove the inoperable computer system from TAHO's premises and return any and all deposits. TAHO made the same request again on September 12, 1990. While Unisys again acknowledged that TAHO had not received the operational system it had promised, it made no attempt to comply with TAHO's request.

A. *The arbitration proceedings between Unisys and TAHO.* In July, 1991, TAHO filed a demand for arbitration against Unisys for its alleged "failure to complete [the] computer system and tailor same for [TAHO's] use . . . ."[2] Unisys responded, stating that it had fulfilled its obligations under the consolidated agreement and installed a computer system. Unisys also filed its own demand for arbitration, claiming that TAHO owed it $44,250 for equipment maintenance. Unisys' demand for arbitration did not include any claim for payments then due under the lease.

The arbitration hearings concluded on March 24, 1993, and the record was closed as of May 20, 1993. On June 30,

---

[2]At the same time TAHO, still unaware of UFC's assignment of the lease to Unisys, commenced an action in the Superior Court against UFC seeking, among other things, a declaration that the lease was null and void. On October 15, 1991, TAHO entered into an agreement with UFC whereby TAHO agreed to dismiss its Superior Court action against UFC without prejudice, pending the result of its arbitration claim against Unisys.

1993, the arbitrators issued their award. Later, in response to requests from the parties, they clarified their award twice. The final award considered the claims of the two parties under both the consolidated agreement and the lease.

In regard to the consolidated agreement, the arbitrators ruled that TAHO had established by a preponderance of the evidence that it had made a timely and proper revocation of the acceptance of the Unisys computer system, even though TAHO had executed UFC's certificate of acceptance pursuant to the lease. Therefore, the arbitrators ruled TAHO did not owe any money to Unisys under the consolidated agreement.

The arbitrators then turned their attention to the obligations of Unisys and TAHO under the lease. They found that at the start of the arbitration, Unisys had both the consolidated agreement and the lease in its possession. Because claims for lease payments under the lease arose out of and were related to the consolidated agreement, any claim that TAHO owed money to UFC's assignee, Unisys, under the lease was subject to arbitration. The arbitrators ruled that, because Unisys had failed to make any demand for arbitration regarding payments due under the lease, it waived any such claim. The arbitrators deferred to the Superior Court the question of the effect that Unisys' waiver had on UFC's claim against TAHO.

B. *UFC's action against TAHO.* On April 22, 1992, while the TAHO-Unisys arbitration was pending, and again without TAHO's knowledge, Unisys reassigned the lease to UFC in consideration of UFC's payment of $162,478 to Unisys. The assignment also committed Unisys to pay UFC's attorneys' fees in any litigation brought by UFC against TAHO to collect payments due under the lease, and to pay UFC any amounts not collected by UFC through such litigation. Approximately two weeks after this assignment, UFC instituted the present action against TAHO seeking $243,955.44 in alleged overdue payments pursuant to the lease. On May 25, 1993, a Superior Court judge denied UFC's motion for summary judgment. That denial, which is challenged on appeal by UFC, is briefly discussed later in this opinion. See note 6, *infra.*

After the arbitrator's award, UFC again moved for summary judgment. It claimed that the lease agreement between

TAHO and UFC unambiguously stated that TAHO had an absolute and unconditional obligation to make rental payments for the computer system regardless of any problems with the system.[3] It argued that failure to make such payments was, as matter of law, a violation of the lease, entitling UFC to summary judgment.

TAHO also filed a motion for summary judgment. It argued that, as matter of law, UFC was not entitled to payments under the lease because the arbitrators had ruled that UFC's assignor, Unisys, had waived any right to make a claim for payment under the lease; consequently, Unisys was unable to transfer any right to make such claims when it reassigned the lease to UFC.

The judge granted TAHO's motion and denied UFC's motion. In a memorandum of decision, the judge ruled: (1) the lease was arbitrable in the proceeding between Unisys and TAHO because it was "related to" the consolidated agreement between Unisys and TAHO; (2) by failing to raise any claims concerning the lease in its demand for arbitration, Unisys "must be deemed as a matter of law to have waived any claim it had pursuant to the lease"; and, (3) because Unisys waived its rights under the lease agreement, it had nothing to assign back to UFC on April 22, 1992; therefore, UFC had no claim against TAHO under the lease.

On appeal, UFC claims that the judge committed error in granting TAHO's motion because (1) the lease between UFC and TAHO was not subject to arbitration or waived, (2) the assignment of the lease by UFC to Unisys did not waive UFC's right to litigate the lease, and (3) TAHO committed a breach of the lease as a matter of law by failing to make rental and other payments due under that lease.[4]

C. *Analysis.* Rule 56(c) of the Massachusetts Rules of Civil

---

[3]UFC claimed that the lease is a "finance lease" which requires the lessee, TAHO, to make lease payments regardless of any circumstances or defenses that TAHO might raise. See *Mayflower Seafoods, Inc.* v. *Integrity Credit Corp.*, 25 Mass. App. Ct. 453, 457-459 (1988).

However, the lease provided that no lease payments had to be made until TAHO signed a certificate accepting the computer system. Whether TAHO properly revoked the certificate of acceptance is a genuine issue of material fact.

[4]UFC also claims that the Superior Court judge erroneously applied Massachusetts law to interpret the lease and deny its motion for summary judgment because the lease stated that its terms would be governed by

Procedure, 365 Mass. 824 (1974), provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." On appeal, "[t]he standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law." *Beal* v. *Selectmen of Hingham*, 419 Mass. 535, 539 (1995), quoting from *Augat, Inc.* v. *Liberty Mut. Ins. Co.*, 410 Mass. 117, 120 (1991). "An order granting or denying summary judgment will be upheld if the trial judge ruled on undisputed material facts and his ruling was correct as a matter of law." *Commonwealth* v. *One 1987 Mercury Cougar Auto.*, 413 Mass. 534, 536 (1992).

It is undisputed that the lease between UFC and TAHO contains no arbitration clause. "Arbitration is a remedy created by a statute which limits its availability to the parties to an arbitration agreement." *Rae F. Gill, P.C.* v. *DiGiovanni*, 34 Mass. App. Ct. 498, 503 (1993). Indeed, it is fundamental that a party has no right or obligation to demand arbitration if there is no contract provision providing for it. *Computer Corp. of America* v. *Zarecor*, 16 Mass. App. Ct. 456, 459-460 (1983) (arbitration may proceed only as to those parties who agree to arbitrate). See *Hurlbut* v. *Gantshar*, 674 F.Supp. 385, 390 (D. Mass. 1987) ("In the absence of an actual agreement to arbitrate a particular dispute or class of disputes, the Court cannot compel arbitration"). See also *United Steelworkers of America* v. *Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582-583 (1960).

Because UFC had no right to arbitrate under the lease agreement and could not be compelled to so arbitrate, Uni-

---

Michigan law. On the record presented on appeal, UFC made no showing that it raised this issue below; therefore, it is waived. See *Regina Grape Prods. Co.* v. *Supreme Wine Co.*, 357 Mass. 631, 632 (1970) (where it was raised for first time on appeal that California law applied, and not Massachusetts law, court held Massachusetts law controlling).

UFC's motion for summary judgment does not state that Michigan law should be applied. In addition, UFC did not provide this court with the memoranda it submitted to the Superior Court in support of its motion, or any other information that would indicate that the issue was raised at any time prior to this appeal.

sys, as temporary assignee, could not arbitrate any issue arising under the lease. *Graves Equip., Inc.* v. *M. DeMatteo Constr. Co.,* 397 Mass. 110, 112 (1986) (an assignee of contract rights must stand in the shoes of the assignor and has no greater rights than the assignor).

Further, the arbitration clause in the consolidated agreement did not require Unisys to arbitrate claims under the lease. Although arbitration clauses are to be read broadly, *Glen Acres, Inc.* v. *Cliffwood Corp.,* 353 Mass. 150, 154 (1967); *Loche* v. *Dean Witter Reynolds, Inc.,* 26 Mass. App. Ct. 296, 303-304 n.9 (1988); *Barletta* v. *French,* 34 Mass. App. Ct. 87, 93 (1993), we have not found any case holding that an arbitration clause will encompass a separate but related agreement with a different party which has no arbitration clause and we decline to adopt such a rule in the present case.[5] Our analysis does not end here.

TAHO argues that UFC's claims were also barred under the doctrine of collateral estoppel. "The doctrine of claim preclusion makes a valid final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action." *Bagley* v. *Moxley,* 407 Mass. 633, 637 (1990), quoting from *Heacock* v. *Heacock,* 402 Mass. 21, 23 (1988). This doctrine applies equally to bar the relitigation of claims that have been arbitrated. *Miles* v. *Aetna Cas. & Sur. Co.,* 412 Mass. 424, 427 (1992) (when arbitration affords opportunity for presentation of evidence and argument substantially similar to a court, an arbitration award will have preclusive effect in an action between the same parties or their privies).

The doctrine of collateral estoppel does not apply in the present case. First, the arbitrators did not reach the merits of any substantive issue regarding the lease. The arbitrators found that TAHO properly revoked its acceptance of the Unisys hardware and software under the consolidated agreement; they did not find that TAHO revoked its certificate of acceptance under the lease. Second, the arbitrators found that they lacked authority to reach the merits of any issues regarding TAHO's and UFC's rights and liabilities under the lease.

---

[5]In our analysis, we are not expressing any opinion as to the correctness of the TAHO-Unisys arbitration award. Rather, we are addressing only the Superior Court judge's interpretation of the *effect* that the arbitration award had upon the rights of UFC and TAHO under the lease.

Consequently, UFC's present claims are not barred by the doctrine of collateral estoppel.

We hold that it was error for the judge to grant TAHO's motion for summary judgment because material issues of fact remain in dispute. These issues include: (1) whether TAHO revoked its certificate of acceptance under the lease with UFC; (2) whether the lease was made contingent upon a condition precedent, namely, Unisys' successful installation of the computer system; (3) whether TAHO's revocation of acceptance of the computer system under the consolidated agreement had any effect on TAHO's lease with UFC; and, (4) whether, based upon the parties' subsequent conduct, the lease was modified and, if so, what were the modifications.[6]

The order denying UFC's motion for summary judgment is affirmed. Judgment in favor of TAHO is vacated and the matter is remanded to the Superior Court for further proceedings.

*So ordered.*

---

[6]Earlier in its action against TAHO, UFC filed a motion for summary judgment claiming that it was entitled to judgment as matter of law because there was no genuine issue as to material fact. The judge denied the motion, ruling that the materials before him raised a genuine issue of material fact as to whether UFC and TAHO had agreed that Unisys' successful installation of the computer system was to be a condition precedent to the validity of TAHO's acceptance of the lease.

UFC has raised that denial as an issue on appeal. The denial of its motion was not error.