David W. LAUGHTON, et al., Plaintiffs,

v.

CGI TECHNOLOGIES AND SOLUTIONS, INC., Defendant.

Civil Action No. 08–12133–JLT.

United States District Court, D. Massachusetts.

March 13, 2009.

---

James F. Kavanaugh, Jr., Constance M. McGrane, Kathryn T. Rogers, Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP, Boston, MA, for Plaintiffs.

Gordon P. Katz, Ieuan–Gael Mahony, Benjamin M. McGovern, Holland & Knight, LLP, Boston, MA, for Defendant.

## MEMORANDUM

TAURO, District Judge.

### I. *Introduction*

The underlying dispute in this action involves Defendant CGI Technologies and Solutions, Inc.'s alleged breach of an agreement to update the Northern New England Benefit Trust's ("NNEBT") computer system. Presently at issue is Defendant's *Motion to Dismiss or Stay Proceedings and Compel Arbitration.* For the following reasons, Defendant's Motion is ALLOWED as to dismissal and Defendant's request for arbitration.

### II. *Background*

Plaintiffs are the trustees of NNEBT. On June 29, 2004, Defendant and NNEBT entered into a written Professional Services Agreement ("the Agreement") in which Defendant agreed to provide services related to an upgrade of NNEBT's computer system. Plaintiffs brought this action against Defendant on December 23, 2008, asserting (1) breach of contract, (2) breach of express warranty, (3) negligent misrepresentation, (4) fraud, and (5) violation of chapter 93A of the Massachusetts General Laws. On January 14, 2009, Defendant delivered an arbitration-request

letter to Plaintiffs' counsel. On February 10, 2009, Defendant moved to dismiss or stay proceedings and to compel arbitration of Parties' dispute.

Two provisions of the Agreement are central to Defendant's Motion. Section 15.9, entitled "Arbitration," sets out in relevant part:

> If any matter hereunder is subject to a dispute between the parties which cannot be resolved to their mutual satisfaction, either party, by a written request for arbitration delivered to the other, shall require that the matter be arbitrated in Boston, Massachusetts, pursuant to the commercial arbitration rules of the American Arbitration Association ("AAA") then in effect.[1]

Plaintiffs contend that this court must read the Arbitration provision in conjunction with Section 15.7, entitled "Cumulative Remedies." The Cumulative Remedies provision sets out in relevant part: "No remedy or election of remedy under this Agreement shall be deemed exclusive but shall, wherever possible, be cumulative with all other remedies at law or equity."[2]

## III. *Discussion*

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[3] The FAA governs agreements, such as the one at issue in this case, between parties to pay money in exchange for services.[4]

■■■ Courts have construed arbitration clauses against the backdrop of a "liberal federal policy favoring arbitration agreements."[5] If an action involves any referable issues under an arbitration agreement, the court must "stay the court action pending arbitration once it is satisfied that the issue is arbitrable."[6] Moreover, a court may "dismiss the proceeding 'when all of the issues before the court are arbitrable.'"[7] To determine whether an arbitrator is to decide an issue, the court "should apply ordinary state-law principles that govern the formation of contracts."[8] Under Massachusetts contract law, "[w]hen the words of [a] contract are not ambiguous, the contract will be enforced according to its terms."[9] A court must resolve any doubts concerning the scope of arbitrable issues in favor of arbitration.[10]

---

1. Def.'s Mem. Supp. Mot. Dismiss Attach. A, Agreement 9.

2. *Id.* at 8.

3. 9 U.S.C.A. § 2 (West 2009).

4. *See Bercovitch v. Baldwin Sch., Inc.*, 133 F.3d 141, 148 (1st Cir.1998) ("The FAA clearly covers the enrollment agreement between the parties in this case—an agreement to pay money for educational services.").

5. *Large v. Conseco Fin. Servicing Corp.*, 292 F.3d 49, 52 (1st Cir.2002) (citations and quotations omitted).

6. *Id.* (citations and quotation omitted).

7. *Spencer Furniture, Inc. v. Media Arts Group, Inc.*, 349 F.Supp.2d 49, 51 (D.Mass.2003) (quoting *Bercovitch*, 133 F.3d at 156 n. 21); *Morse v. Sir Speedy, Inc.*, No. 97–40013–NMG, 1997 WL 724434, at *1 (D.Mass. Nov. 17, 1997) ("Courts have held that where all the issues are referable to arbitration the proper procedure is to dismiss the complaint.").

8. *Morse*, 1997 WL 724434, at *2 (citation and quotation omitted).

9. *Mejia v. Am. Cas. Co.*, 55 Mass.App.Ct. 461, 771 N.E.2d 811, 814 (2002).

10. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

## A. *Mandatory Arbitration*

■ The Agreement in this case clearly provides for mandatory arbitration of any arbitrable issues. The Arbitration provision states that "[i]f any matter hereunder is subject to a dispute between the parties which cannot be resolved to their mutual satisfaction, *either party,* by a written request for arbitration delivered to the other, *shall require* that the matter be arbitrated." [11] As other courts have found when analyzing similar language, the antecedent "shall," before the phrase "require that the matter be arbitrated," [12] "provides an aggrieved party with the right to mandatory arbitration." [13]

Plaintiffs contend that this court must read the Arbitration provision in conjunction with the Cumulative Remedies provision, which would compel "the conclusion that the party that seeks to enforce the Agreement has the right to elect proceeding either through Court litigation or arbitration." [14] Plaintiffs cite *Gill v. DiGiovanni*[15] as support for this argument, but the Arbitration and Cumulative Remedies provisions in this case are fundamentally different from the provision at issue in *Gill.* In that case, the court analyzed a contract provision that provided that the parties "shall have the *following remedies available to them* when seeking to enforce the provisions of this Agreement: a. arbitration ... *and* b. all other remedies avail-

able to [the parties] in law or equity." [16] The court read this provision as "extend[ing] an election between arbitration or litigation to the party seeking enforcement of the agreement." [17]

Here, the Arbitration provision stands by itself, as a separate provision from the Cumulative Remedies provision. As Judge Gorton reasoned in *Morse v. Sir Speedy, Inc.,* a District of Massachusetts case also involving a contract that contained both an arbitration provision and a cumulative remedies provision, Plaintiffs' reading of the Agreement "would render meaningless [the Arbitration provision], which evidences the parties' intent to have their disputes resolved through arbitration." [18] The correct reading of the Arbitration and Cumulative Remedies provisions is that arbitration is mandatory, but "the arbitrator is not limited to awarding certain remedies but rather may award all remedies provided for at law." [19]

## B. *Arbitrable Issues*

■ All the counts of Plaintiffs' Complaint fall within the purview of the Arbitration provision. Count I alleges that Defendant breached the Agreement. Count II alleges that Defendant breached an express warranty contained in the Agreement. These counts clearly constitute matters that arise under the terms

11. Agreement 9 (emphasis added).

12. *Id.*

13. *Kingstown Corp. v. Black Cat Cranberry Corp.,* 65 Mass.App.Ct. 154, 839 N.E.2d 333, 338 (2005) (finding that an alternative interpretation would require the court "to ignore the word 'shall' as well as the rules of contract interpretation").

14. Pls.' Mem. Opp'n Mot. Dismiss 3.

15. 34 Mass.App.Ct. 498, 612 N.E.2d 1205 (1993).

16. *Id.* at 1207–08 (emphasis added).

17. *Id.* at 1208.

18. 1997 WL 724434, at *2.

19. *Id.; see also Kingstown Corp.,* 839 N.E.2d at 338 (concluding that similar arbitration and cumulative remedies provisions "provide[d] an aggrieved party with the right to mandatory arbitration while also empowering an arbitrator to grant injunctive or other equitable relief at the request of either party").

of the Agreement and are therefore subject to the mandatory Arbitration provision.[20] Counts III (negligent misrepresentation), IV (fraud), and V (chapter 93A) essentially allege that Defendant misled Plaintiffs during the negotiations leading to the execution of the Agreement and during Defendant's performance under the Agreement. These counts also constitute matters that arise under the terms of the Agreement because they directly relate to Parties' contract negotiations and Defendant's performance under the Agreement.[21]

## IV. *Conclusion*

The Arbitration provision of the Agreement is mandatory, and all the counts in Plaintiffs' Complaint fall within the scope of that provision. Accordingly, Defendant's *Motion to Dismiss or Stay Proceedings and Compel Arbitration* is ALLOWED as to dismissal and Defendant's request for arbitration. This case is hereby DISMISSED.

AN ORDER HAS ISSUED.

### *ORDER OF DISMISSAL*

For the reasons set forth in the accompanying Memorandum, this court hereby orders that:

1. Defendant's *Motion to Dismiss or Stay Proceedings and Compel Arbitration* [# 9] is ALLOWED as to dismissal and Defendant's request for arbitration.

IT IS SO ORDERED.

---

**20.** Agreement 9.

**21.** *See Bowlby v. Carter Mfg. Corp.,* 138 F.Supp.2d 182, 188 (D.Mass.2001) (finding that "counterclaims for fraud, misrepresentation and violation of M.G.L. c. 93A [were] all premised on alleged misrepresentations made by [the plaintiff] during negotiations" and "plainly subject to arbitration").